# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CERIDIAN BENEFIT SERVICES,
INC.,

    Plaintiff,

v.                                            Case No. 8:09-cv-1263-T-30TGW

WAYNE M. SCHUH
d/b/a THE WYNDON GROUP,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Wayne Schuh's Motion to Dismiss (Dkt. 4), Plaintiff Ceridian Benefit Services, Inc.'s Response (Dkt. 7), and Schuh's Reply to the Response (Dkt. 11). The Court, having the considered the motion, response, reply, and being otherwise advised on the premises, determines that the motion should be granted.

## Background

In 1992, Defendant Wayne S. Schuh d/b/a The Wyndon Group ("Schuh") allegedly entered into an oral agreement with Applied Benefits Research ("ABR") to provide client brokering services. On January 20, 1993, Schuh sent a letter to ABR containing the purported terms of the agreement. Among the terms claimed in the letter, Schuh would "retain a life vested interest in the revenue flow associated with the COBRA adjudication"

of Blue Cross/Blue Shield of Florida and Blue Cross/Blue Shield of North Carolina. The letter further provides that the "obligation to honor the life vested renewals will continue even in the event of a CIC (change in control" and "the payment shall be provided by ABR or the successor organizations."

In 1999, ABR merged with Defendant Ceridian Benefit Services ("Ceridian"), making Ceridian the successor in interest. Prior to the merger, ABR made monthly payments to Schuh. Ceridian continued to make those payments until March 2009.

On June 2, 2009, Schuh filed a praecipe for a writ of Summons in Pennsylvania state court ("Pennsylvania action"). The summons for the Pennsylvania action was served on Ceridian on June 8, 2009. The complaint in the Pennsylvania action, which was filed on June 22, 2009, asserted a claim for breach of contract. On June 11, 2009, Ceridian filed this declaratory action in Florida state court ("Florida action"). The Pennsylvania action was removed to federal court on July 8, 2009. The Florida action was removed to this Court on July 6, 2009.

## Discussion

Under 28 U.S.C. § 2201(a), a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. The Declaratory Judgment Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). However, "[i]t only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas*

*Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). While district courts may not decline to hear actions for declaratory relief "on the basis of whim or personal disinclination," the standard is clearly generous. *Angora v. Condo. Ass'n of Lakeside Village, Inc.*, 796 F.2d 384, 387 (11th Cir. 1986).

The Eleventh Circuit follows the first to file doctrine[1], which provides that in the event of parallel litigation in different courts, the first court in which jurisdiction attaches should hear the case "in the absence of compelling circumstances." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982). In the context of the first filed rule, "where a case originates in a state court...but is later removed to a federal court, the state rule controls the question of commencement." *Country Home Prods. v. Schiller-Pfeiffer, Inc.*, 350 F. Supp. 2d 561, 570 (D. Vt. 2004) (citing *Med-Tec Iowa, Inc. v. Nomos Corp.*, 76 F. Supp. 2d 962, 968 (N.D. Iowa.1999)). Under Pennsylvania Rule of Civil Procedure 1007, an action may be commenced by the filing of a praecipe for a writ of summons. Under that rule, the Pennsylvania action commenced on June 2, 2009, nine days before the Florida action was commenced. No exceptions to the first filed rule appear to apply in this case. Ceridian has not shown that its claims could not be raised in the Pennsylvania action.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Wayne Schuh's Motion to Dismiss (Dkt. 4) is **GRANTED**.

---

[1] Though Ceridian argues that the first to file doctrine does not apply because the pending actions do not involve identical parties, Schuh informed the Court in his reply (Dkt. 11) that an amended complaint has now been filed in the Pennsylvania action naming Ceridian Benefit Services, Inc. as a defendant.

2. All pending motions are denied as moot. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 21, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-1263.mtd 4.frm